


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ACCIDENT INSURANCE COMPANY PLAINTIFF

VS. CIVIL ACTION NO. 2:11cv33-KS-MTP

CLASSIC BUILDING DESIGN, LLC,
MARTHA PACE; ABC INDIVIDUALS
AND XYZ ENTITIES DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW,** the Plaintiff, ACCIDENT INSURANCE COMPANY ("AIC"), by and through its undersigned counsel, and files this, its Complaint for Declaratory Judgment, and in support hereof would show unto the Court the following, to wit:

## PARTIES

1. AIC is a foreign insurance corporation organized under the laws of the State of South Carolina, with its principal place of business in Irmo, South Carolina.

2. Defendant, CLASSIC BUILDING DESIGN, LLC, is a Mississippi Limited Liability Company, whose members, upon information and belief, are all resident citizens of the State of Mississippi, and who can be served process by and through its registered agent for service of process, Robert D. Brewer, at 74 Moonshadow Lane, Sumrall, Mississippi.

3. Defendant, MARTHA PACE, is an adult resident citizen of Lamar County, Mississippi, who can be served with process at 11 Centerstone, Hattiesburg, Mississippi.

4. ABC INDIVIDUALS and XYZ ENTITIES are individuals or entities whose identities are unknown or whose whereabouts are unascertainable, who, once their identities are

make known, or their whereabouts are ascertainable, will be added by amendment, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

5. The Defendants named herein have been named as party Defendants to this civil action so that any Order or Judgment rendered in this matter, as to the existence of coverage owed to Defendant, CLASSIC BUILDING DESIGN, LLC, if any, by AIC, will be binding upon all said Defendants under the theories of res judicata and/or collateral estoppel. Therefore, pursuant to *Coleman v. Mississippi Farm Bureau Ins. Co.*, 708 So. 2d 6 (Miss. 1998), all of said Defendants have been added as parties, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, as each one of the Defendants' presence is necessary and indispensible for complete and final adjudication of the issues presented herein.

**JURISDICTION**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 2201 in that this civil action involves a declaratory judgment. Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

7. Rule 57 of the Federal Rules of Civil Procedure provides that AIC may seek a declaration from this Court as to the rights and obligations among and between the parties in relation to the AIC Policy, including, but not limited to, whether AIC has an obligation to provide a defense and/or coverage to Defendant, CLASSIC BUILDING DESIGN, LLC, as to the claims made against it by Defendant, MARTHA PACE.

8. An actual controversy exists as between the parties.

**VENUE**

9. Venue is proper in this Court, including, but not limited to, pursuant to 28 U.S.C. § 1391 in that one or more of the defendants, herein, resides in the Hattiesburg Division of the Southern District of Mississippi.

**FACTS**

10. This matter arises from the construction of a residence dwelling by Classic Building Design, LLC (hereinafter "Classic"), on property owned by Martha Pace ("Pace" or "Claimant") located at 11 Centerstone, Hattiesburg, Mississippi. The house was constructed during 2005.

11. The Claimant alleges that on or about February 26, 2010, a globe from a light fixture in the bathroom fell, striking Pace on the head. *See* **Exhibit "A"**, correspondence from G. Wayne Hynum dated March 9, 2010.

12. Claimant claims the light fixture was not properly installed at the time the house was constructed, resulting in the globe falling. *See* **Exhibit "A."**

13. Upon information and belief, the subject light fixture was not installed by Classic, but rather such fixture was installed by a subcontractor hired by Classic. Upon information and belief, there was no written contract between Classic and the subcontractor that did the subject work and the subcontractor did not have insurance at the time the work was completed.

14. As a result of the injuries allegedly suffered by Pace, she is seeking damages in an undefined amount. Although not set forth in Exhibit "A", it is our understanding that Pace claims to have incurred medical expenses in excess of $100,000.00 as a result of the injuries she sustained when the light fixture fell onto her head.

15. Classic has demanded coverage from AIC under its policy of commercial general liability insurance owned by Classic Building Design, LLC, with policy effective dates being March 13, 2009 through March 13, 2010, being policy number AOL82134 (hereinafter "AIC's Policy"). A true and correct copy of AIC's Policy is attached hereto and is incorporated herein by reference as **Exhibit "B"**.

**AIC'S POLICY**

16. AIC'S Policy provides as follows:

AIC's Policy provides the following in its Insuring Agreement:

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But: (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of

> services or death resulting at any time from the "bodily injury".

*See* **Exhibit "B"**, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, CG 00 01 12 04.

17. Within the AIC Policy, "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." **Exhibit "B"**, Section V, Definitions at ¶3.

18. Further, within the AIC Policy, "property damage" is defined as being related to "tangible property." **Exhibit "B"**, Section V, Definitions at ¶17. Specifically, AIC's Policy defines "property damage" as

> Physical Injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> ...

**Exhibit "B"** at Section V, Definitions at ¶ 17.

19. To the extent that the damages claimed by Pace constitute damages because of "bodily injury" or "property damage", for coverage to lie, that injury or damage must be caused by an "occurrence" as that term is defined under the AIC Policy. The AIC Policy defines "occurrence" as follow:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**Exhibit "B"**, Section V, Definitions at ¶13.

20. In addition to the above, AIC's Policy contains the following exclusion:

> This insurance does not apply to:

a. Intentional Injury

...

i. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of any insured.

...

**Exhibit "B",** Section I, Coverage A- at ¶ 2. a., as amended by the "Exclusion—Intentional Injury" Endorsement, AIC 3005 (12/06).

21. The AIC Policy also contains the following exclusion:

j. Damage to Property

"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

> Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damages To Premises Rented To You as described in Section III Limits of Insurance.
>
> Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.
>
> Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**Exhibit "B"**, Section I, Coverage A, ¶ 2(j).

22. The AIC Policy defines "Products-completed operations hazard" as follows:

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another

> contractor or subcontractor working on the same project.
>
> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
>
> . . .

**Exhibit "B"**, Section V, Definitions ¶ 16.

23. In addition to the exclusions already discussed, the Contractors Special Condition endorsement modifies insurance provided under the Commercial General Liability Coverage Form. Specifically, the Contractors Special Condition endorsements states as follows:

> As a condition precedent to coverage for any claim for injury or damage based, in whole or in part, upon work performed by independent contractors, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit":
>
> (1) received a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work or the independent contractor;
>
> (2) obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $500,000 per occurrence;
>
> (3) obtained proof that the independent contractor has workers compensation insurance if required by the state in which the job(s) is located; and
>
> (4) obtained proof that all licenses as required by local and/or stated statute, regulation or ordinance are up to date.
>
> The insured must maintain the records evidencing compliance with paragraphs **(1)** through **(4)** for a minimum of five years from the expiration date of this policy. If coverage indicated under **(2)** and **(3)** above are not maintained, we shall have no obligation to defend

> or indemnify any insured for work performed by independent contractors on your behalf represented by the certificate of insurance referenced **(2)** and **(3)** above.
>
> The insurance provided by this policy shall be excess over and above any other valid and collectible insurance available to the insured under paragraph **(2).**

**Exhibit "B"**, Contractors Special Condition endorsement, AIC 3007 (12/06). Classic acknowledged the existence and inclusion of this endorsement via signature. *See*, **Exhibit "C"**, Commercial General Liability Coverage Form executed by Insured, Robert Brewer.

24. Part B to AIC's policy also provides the following, in addition to the coverage provided under Part A:

> I. Insuring Agreement:
>
> We will pay those sums if the insured becomes legally obligated to pay his damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. ... This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**Exhibit "B"**, Section I - Coverage B, ¶ 1.

25. AIC's policy defines personal and advertising injury as,

> Injury, including consequential 'bodily injury' arising out of one or more of the following offenses:
>
> a. False arrest, detention or imprisonment;
>
> b. Malicious prosecution;
>
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room,

dwelling or premise that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication ... of material that violates a person's right of privacy;

f. The use of another's advertising idea in you "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

**Exhibit "B"**, Section V, Definitions at ¶14.

**SOLE COUNT – DECLARATORY JUDGMENT:**
**AIC'S POLICY**

26. AIC incorporates the above allegations herein by reference, and would further show as follows:

27. The terms, conditions, exclusions and endorsements of AIC's Policy are clear and unambiguous.

28. AIC's Policy does not provide coverage for the claims, demands and damages alleged and sought by Defendant, MARTHA PACE, against Defendant, CLASSIC BUILDING DESIGN, LLC.

**WHEREFORE, PREMISES CONSIDERED**, AIC prays that this Court:

A. Declare that the terms and conditions of the AIC Policy, relieve it of any duty which otherwise exists to provide liability coverage, including a duty of defense and/or indemnification, for Defendant, CLASSIC BUILDING DESIGN, LLC, for any and all claims made by Defendant, MARTHA PACE; and

B. Enjoin each and every one of these Defendants from either initiating or prosecuting a suit or any other action, including any post-judgment remedial action or garnishment against AIC, or one another, until such time as this Court declares the rights and duties of the parties requested above; and

C. Advance this cause on the Court's calendar as authorized by Federal Rule of Civil Procedure 57;

D. Grant AIC such other general relief as this Court deems appropriate; and

E. Declare that Classic Building Design, LLC, is not entitled to defense costs, including but not limited to attorney's fees and expenses, incurred in defense of the instant action for declaratory judgment.

**FURTHERMORE**, AIC prays that this Complaint for Declaratory Relief be received and that the declaratory relief be entered on each of the issues set forth above.

**RESPECTFULLY SUBMITTED** on this the 16th day of February, 2011.

**ACCIDENT INSURANCE COMPANY**

By: ______________________
CLYDE X. COPELAND, III
JOHN S. GRAHAM

OF COUNSEL:

CLYDE X. COPELAND, III, (MSB# 10322)
JOHN S. GRAHAM (MSB#100364)
HARRIS, JERNIGAN & GENO
587 Highland Colony Pkwy.
P.O. Box 3380
Ridgeland, Mississippi 39158-3380
Telephone: (601) 427-0048
Facsimile: (601) 427-0050
ccopeland@hjglawfirm.com
jgraham@hjglawfirm.com