IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ACCIDENT INSURANCE COMPANY**                      **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 2:11cv33KS-MTP**

**CLASSIC BUILDING DESIGNS, LLC;
MARTHA PACE; ABC INDIVIDUALS;
AND XYZ ENTITIES**                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss Counterclaim of Defendant/Counter-Plaintiff Classic Building Designs, LLC ("Classic") **[#8]** filed on behalf of the Plaintiff/Counter-Defendant Accident Insurance Company ("AIC"). The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted to the extent hereinafter stated. The court specifically finds as follows:

## FACTUAL BACKGROUND

This matter arises from a claim for damages by Martha Pace against AIC's putative insured, Classic Building Design, LLC. Specifically, Classic was the general contractor in charge of building Pace's home located at 11 Centerstone, Hattiesburg, Mississippi. The house was constructed in 2005. Subsequently, on or about February 26, 2010, a globe from a light fixture in the bathroom fell, striking Pace on the head. Pace contends she suffered physical injury and has incurred in excess of $100,000 in

medical bills as a result of the light falling and striking her head. According to the claims of Pace, the light fixture was not properly installed at the time the house was constructed, resulting in the globe falling. There are allegations that Classic did not install the light fixture at issue, but rather such fixture was installed by a subcontractor hired by Classic.

AIC first issued a commercial general liability policy to Classic on or about March 13, 2008, which was renewed for the policy period March 13, 2009 through March 13, 2010. Included in the policy that AIC first issued to Classic was a Contractors Special Condition endorsement, which states as follows:

> As a condition precedent to coverage for any claim for injury or damage based, in whole or in part, upon work performed by independent contractors, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit":
>
> (1) received a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work or the independent contractor;
>
> (2) obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $500,000 per occurrence;
>
> (3) obtained proof that the independent contractor has workers compensation insurance if required by the state in which the job(s) is located; and
>
> (4) obtained proof that all licenses as required by local and/or stated statute, regulation or ordinance are up to date.
>
> The insured must maintain the records evidencing compliance with paragraphs **(1)** through **(4)** for a minimum of five years from the expiration date of this policy. If coverage indicated under **(2)** and **(3)** above are not maintained, we shall have no obligation to defend or indemnify any insured for work performed by independent contractors on your behalf

-2-

represented by the certificate of insurance referenced **(2)** and **(3)** above.

The insurance provided by this policy shall be excess over and above any other valid and collectible insurance available to the insured under paragraph **(2)**.

On or about February 16, 2011, following a demand on AIC to provide defense and indemnity of Pace's claims, a Reservation of Rights was forwarded to Robert D. Brewer of Classic, thereby reserving any and all rights to review its coverage position for any and all damages allegedly sustained. In the Reservation of Rights letter, AIC specifically and expressly reserved its rights to deny coverage, but did not deny coverage pending its investigation into coverage for the claims made by Martha Pace.

On February 17, 2011, as part of its investigation into coverage, AIC filed its declaratory judgment action seeking an Order from this court declaring its rights and responsibilities under the Policy arising out of Pace's claims. On March 18, 2011, Classic filed its Answer and Counterclaim for gross negligence and "bad faith" denial of coverage in which Classic is seeking attorneys' fees, costs, compensatory and punitive damages. AIC has thus filed the present motion pursuant to Federal Rules of Civil Procedure 12 asserting that since it has not denied coverage to Defendants arising out of the claims of Martha Pace, there can be no bad faith, as a matter of law.

## STANDARD OF REVIEW

The Defendant has moved the Court to dismiss this matter under Rule 12(a)(4) and (b)(6) for failure of the Plaintiffs to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically

the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

Along with its Motion to Dismiss, AIC has presented evidence which is outside the current pleadings in this matter. As such, AIC asserts that under Fed.R.Civ.Proc. Rule 12(c), this court has within its discretion the authority to dismiss the Counterclaim against AIC with prejudice. AIC further argues that it is clear that the Counter-Plaintiff has pled no facts that entitle it to recover at common law against AIC, therefore, all claims against AIC made by Counter-Plaintiff in its Counterclaim should be dismissed

with prejudice, as a matter of law.

## LAW AND ANALYSIS

The law regarding an insurer's liability for bad faith refusal to defend has been clearly defined in Mississippi case law.  In the instant case, to make a viable claim for bad faith against AIC, Counter-Plaintiff must show that AIC (1) denied its claims, here for defense and indemnity, without an arguable or legitimate basis either in fact or law, and (2) did so with malice or gross negligence in disregard of the their rights.  *See U.S. Fidelity & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir.1992) (citing *Dunn v. State Farm Fire and Casualty Co.*, 711 F.Supp. 1362, 1364 (N.D.Miss.1988), aff'd, 927 F.2d 869 (5th Cir.1991)).

To defeat such a claim, AIC need only show that it had reasonable justifications, either in fact or in law, to deny coverage, if it did at all.  *Id.*  An insurer "is said to have an arguable reason for acting if there is credible evidence that supports the conclusions on the basis of which he/she acts."  *Blue Cross & Blue Shield of Mississippi v. Campbell*, 466 So. 2d 833 (Miss. 1984).  Whether an insurer had an arguable reason to deny an insured's claim is an issue of law for the Court.  *Id.*  *See also Foster v. Globe Life & Accident Ins. Co.*, 808 F.Supp. 281 (N.D. Miss. 1992); and *Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092 (Miss. 1996).  The law is also well settled that the possible insured, here Classic, has the ultimate burden of establishing a claim for bad faith denial of an insurance claim.  *Id.*

The first thing that Classic must show is that AIC has actually denied it coverage for the instant claim.  Classic cannot do so under the facts in this case.  AIC issued a

reservation of rights letters, which specifically stated;

> Since the facts underlying the Claimant's claims either involve claims that are not sufficiently factually alleged, may not be covered by AIC's Policy, or may invoke an exception to coverage under AIC's above-referenced policy, AIC is hereby notifying you that it is reserving its rights to disclaim coverage for indemnification and/or defense of all or part of the Claimant's claims should AIC's investigation reveal that there is no coverage for the claims discussed herein.
>
> Please be advised, these views and reservations are not intended in any way to be exhaustive or exclusive, and AIC expressly reserves all its rights under its Policy discussed herein, including but not limited to, the right to raise additional policy terms and conditions as defenses to coverage as appropriate. Our failure to cite other policy language at this time does not preclude AIC from raising other defenses in the future should the situation so warrant.
>
> At this time, AIC's investigation into the matters surrounding this claim is continuing and AIC has not determined the full extent of coverage, if any, which is afforded to you under its policy. AIC, therefore, reserves any and all rights which it may have under the terms and provisions of the subject policy, pending the outcome of its investigation. At the present time, we are not aware if suit has been filed against you. In the event that suit has been or eventually is filed against you in this matter, a potential conflict of interest could arise between you and any lawyer hired by AIC to defend your interests in said lawsuit. Therefore, you need to know that if you feel the need to hire or retain additional independent legal counsel to represent your interests with regard to any such suit eventually filed by Claimant, please advise AIC accordingly, and AIC will pay reasonable attorney's fees for the hiring and retention of the independent legal counsel of your own choosing, in addition to the counsel that may ordinarily be provided to you by AIC. Please note, however, that by providing a defense for you in any suit filed by or on the behalf of the Claimant, AIC is in no way waving these or any other coverage defense to the claims which have been made against you.

Of critical importance is whether Classic can state a viable claim against AIC for filing the instant action for Declaratory Judgment, while offering to defend it in any

underlying action filed by Pace under a reservation of rights. This issue has been taken up by the Mississippi Courts, both State and Federal, in the past, and resoundingly, has been responded to in the negative.

As a District Court for the Southern District of Mississippi stated in *Mutual Assurance, Inc. v. Banks*, 113 F.Supp.2d 1020, 1024 (S.D.Miss.2000);

> The court finds that Mutual simply filed the instant declaratory action to determine coverage and simultaneously reserved its rights to deny such coverage while providing Dr. Doyle with a defense against the Banks' allegations. Contrary to Dr. Doyle's assertion, filing a declaratory action to determine whether coverage exists is not indicative of bad faith, especially where the declaratory action was filed prior to the underlying state court action. Although an insurance company has a duty to investigate as discussed infra, there is simply no evidence indicating that Mutual has denied coverage.

In *Stratford Ins. Co. v. Cooley*, 985 F. Supp. 665, 673 (S.D. Miss. 1996), the court spoke much more directly when it stated the following:

> Under no circumstances could it reasonably be concluded that Stratford acted in bad faith by instituting this declaratory judgment action to determine a legitimate coverage dispute rather than contributing its policy limits to a pre-litigation settlement which may or may not have resulted in a complete release of Cooley. Accordingly, Stratford is entitled to summary judgment on this claim by Cooley.

Similarly, other courts, including the Mississippi Supreme Court, have held that the instigation of an action for declaratory judgment to determine coverage is not, itself, evidence of "bad faith" and it may actually be *prima facia* evidence of "good faith". See *Employers Mutual Casualty Co. v. Tompkins*, 490 So.2d 897, 905 (Miss.1986) (holding that "although the timing of the declaratory judgment action, one day after the state suit was filed, invites comment that it was to delay Tompkins' claim, we nevertheless hold the filing of the federal action was in good faith because the doors of that court were

open to the appellant for the presentation of it's theory of the uninsured motorist act"); *Allstate Ins. Co. v. Ashley*, 998 F.2d 300 (5th Cir. 1993) (holding that fling of declaratory judgment action to determine uninsured motorist carrier's limits was not an act of bad faith "as a matter of law"). *See also, e.g., Western Fire Ins. Co. v. Copeland*, 651 F.Supp. 1051)(S.D.Miss.1987) (Russell, J.); *Scottsdale Ins. Co. v. AFC Inc.*, NO. 1:06CV1242LG-JMR, 2007 WL 2475935 (S.D.Miss., August 28, 2007) (Guirola, J.)

In response to AIC's Motion to Dismiss the Counterclaim filed by Classic for bad faith, Classic failed to address the primary issue, namely whether the filing of the declaratory judgment action constitutes bad faith. Rather, the arguments made by Classic primarily speak to the merits of the coverage action, which issues are not presently before the court. The relevant issue here is not whether coverage actually exists for the claims made by Pace against Classic, but rather whether the mere filing of the instant declaratory judgment action by AIC asking this court to declare whether coverage exists constitutes bad faith. The court concludes that it does not.

Finally, it appears that whether inclusion of the Contractors Special Condition endorsement rendered the policy unconscionable or constitutes wrongful conduct or bad faith on the part of AIC is also raised as an issue. However, that issues is not properly before the court at this time. Since there has been no denial of the underlying claim related to Pace's alleged injuries, there simply can be no bad faith claim maintained against AIC at this time. The merits controversy relating to the coverage issues and unconscionability of the Contractors Special Condition endorsement are best left for determination at the summary judgment stage, not this preliminary dismissal stage.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss Counterclaim of Defendant/Counter-Plaintiff Classic Building Designs, LLC **[#8]** filed on behalf of the Plaintiff/Counter-Defendant Accident Insurance Company is granted to the extent that Classic's claims for punitive or bad faith damages are dismissed without prejudice as not ripe.

SO ORDERED AND ADJUDGED this the 6th day of May, 2011.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE