**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ACCIDENT INSURANCE COMPANY** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 2:11cv33KS-MTP**

**CLASSIC BUILDING DESIGN, LLC, et al.** **DEFENDANTS**

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Request for Rule 54(b) Certification [177] of Robert D. Brewer and Classic Building Design, LLC (hereinafter sometimes collectively referred to as "Classic"), and the Motion for Rule 54(b) Certification [179] of Martha Pace. For the reasons stated below, the Court finds that Classic and Pace's request for the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) should be granted.

## I. BACKGROUND

On September 7, 2012, the Court entered its Memorandum Opinion and Order [175], which, *inter alia*, granted summary judgment in favor of Classic on Martha Pace's crossclaims and dismissed those claims with prejudice. The Court's Order [175] did not resolve the insurance coverage issues existing between Accident Insurance Company ("AIC") and Classic, or Classic's related third-party claims against Danny Wilks and Danny Wilks Insurance Agency, LLC. The insurance coverage issues were previously bifurcated from Martha Pace's underlying liability claims against Classic for purposes of trial. (*See* Order [77].) Both Classic and Pace have now requested Rule 54(b) certification so that the Court's grant of summary judgment in favor of Classic can be appealed without delay. AIC has agreed that the Court should enter final judgment

under Rule 54(b) as to the dismissal of Pace's crossclaims. (*See* AIC's Reply [180] at ¶ 2.)

## II. DISCUSSION

Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). There are two inquiries under the Rule: 1) whether there has been "an ultimate disposition of an individual claim entered in the course of a multiple claims action[;]" and 2) "whether there is any just reason for delay" of an appeal of that disposition. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980) (citation omitted). The trial court's determination of the first inquiry "is jurisdictional, is reviewed de novo, and may be raised by th[e appellate] court even though the parties may not have challenged it." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (citing *Samaad v. City of Dallas*, 940 F.2d 925, 930 (5th Cir. 1991)). Conversely, the judge's certification that there is no just reason for delay is reviewed for abuse of discretion and will not be considered sua sponte by the court of appeals. *Id.* at 740 n.2. Both Rule 54(b) inquires are met in this case.

### A. The Court's Grant of Summary Judgment in Favor of Classic Was a Disposition Within the Scope of Rule 54(b)

As noted in Section I of this Order, and as evidenced by the docket in this proceeding, this action involves multiple parties and multiple claims. The Court's Memorandum Opinion and Order [175] dismissed the claims of one party (Martha Pace)

against two parties (Classic and Brewer) with prejudice. Other claims remain pending. Accordingly, there has been "an ultimate disposition of an individual['s] claim[s] entered in the course of a multiple claims action" allowing for the entry of final judgment. *Curtiss-Wright Corp.*, 446 U.S. at 7.

**B. There Is No Just Reason for Delay**

"Although Rule 54(b) requests should not be granted routinely, '[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal.'" *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). An entry of final judgment under Rule 54(b) should strike a balance between the danger of piecemeal appellate practice and prejudice to the parties arising from delayed appellate review in multiclaim litigation. *See Eldredge*, 207 F.3d at 740. In striking this balance, district courts should consider such circumstances "as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Martha Pace's liability crossclaims against Classic are clearly separable from the insurance coverage issues remaining to be adjudicated in this action. This is evidenced by the Court's prior Order [77] bifurcating the liability and insurance issues for purposes of trial. The propriety of entering final judgment pursuant to Rule 54(b) on claims that have been bifurcated for trial is recognized under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 13(i) ("If the court orders separate trials under Rule 42(b), it may

enter judgment on a counterclaim or crossclaim under Rule 54(b) when it has jurisdiction to do so, even if the opposing party's claims have been dismissed or otherwise resolved.").

The Court does not discern, and the parties have not identified, any issues decided in the Memorandum Opinion and Order [175] that would also be present in a subsequent appeal from the adjudication of the remaining insurance coverage issues and claims. AIC previously indicated that the question of whether Classic or an independent contractor installed the light fixture that fell from the ceiling of Pace's residence was shared between the insurance coverage and liability portions of this action. (*See* AIC's Motion for Order Declaring Rights and for Clarification [148] at ¶¶ 2-3.) However, the Court's Order [175] did not rule on an independent contractor defense since Classic assumed for purposes of summary judgment that it or Brewer installed the light fixture. (*See* Classic's Rebuttal Memorandum [165] at p. 6 n.3.) Thus, the danger of piecemeal appeals is not implicated by the entry of final judgement at this time and there is no just reason to delay an appeal from the Court's Order [175].

## **III. CONCLUSION**

For the foregoing reasons, the Court's dismissal of Martha Pace's crossclaims against Classic and Robert D. Brewer is a final disposition within the scope of Rule 54(b) and there is no just reason to delay an appeal of that dismissal.

IT IS THEREFORE ORDERED AND ADJUDGED that Classic's Request for Rule 54(b) Certification [177] and Martha Pace's Motion for Rule 54(b) Certification [179] are granted. A separate judgment will be entered.

SO ORDERED AND ADJUDGED this the 9th day of October, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE