IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ACCIDENT INSURANCE COMPANY**                                           **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 2:11cv33KS-MTP**

**CLASSIC BUILDING DESIGN, LLC, et al.**                           **DEFENDANTS**

### OPINION AND ORDER

This matter is before the Court *sua sponte* for case management purposes. For the reasons stated below, the Court finds that proceedings on Accident Insurance Company's ("AIC") insurance coverage claims should be stayed pending final resolution of Martha Pace's crossclaims against Classic Building Design, LLC and Robert D. Brewer (collectively referred to as "Classic").

On September 7, 2011, the Court bifurcated the insurance coverage issues, including Classic's third-party claims against Danny Wilks and Danny Wilks Insurance Agency, LLC (collectively referred to as "Wilks"), from Martha Pace's crossclaims against Classic for purposes of trial. (*See* Order [77].) The Court further held that Pace's crossclaims were to be tried prior to the coverage action.

On September 7, 2012, the Court granted summary judgment in favor of Classic and dismissed Martha Pace's crossclaims with prejudice. (*See* Memorandum Opinion and Order [175].) Pace and Classic subsequently requested that the Court enter final judgment on the dismissal of the crossclaims pursuant to Federal Rule of Civil Procedure 54(b). On October 9, 2012, the Court granted Classic and Pace's Rule 54(b) request and entered final judgment. (*See* Judgment [183].)

In conjunction with granting summary judgment in favor of Classic, the Court requested that the parties advise it of their respective positions as to whether new case management deadlines and a trial date are necessary for the resolution of the insurance coverage claims.  AIC and Classic have taken different positions as to whether the insurance claims should proceed at this time.[1]  AIC requests a case management conference so that the insurance coverage matter may be placed on an active trial docket.  Classic asks that the insurance claims be stayed until Martha Pace's underlying liability claims are finally resolved through her expected appeal or otherwise.  Wilks has joined in Classic's request.  (*See* Wilks' Joinder [181].)

"A district court has the inherent power to stay its proceedings." *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006).  The "authority to issue a stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'". *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).  In considering a stay of proceedings, the district court should weigh the potential benefits of a stay against any burdens that may arise from delayed adjudication.  *See Landis*, 299 U.S. at 259.

The Court finds noteworthy two potential benefits identified by Classic relating to the proposed stay of the insurance coverage portion of this action pending resolution of Martha Pace's expected appeal.  First, litigation expenses and judicial resources will be

---

[1] It does not appear that Pace has taken a position on the issue.

saved if the United States Court of Appeals for the Fifth Circuit affirms the dismissal of the underlying liability claims. There will be no need to litigate whether AIC owes Classic a duty of indemnification with respect to Pace's crossclaims in the event of such a ruling. Further, Classic has advised that it will likely dismiss its claims against Wilks if the Fifth Circuit upholds the Court's grant of summary judgment.

The second potential benefit to entering a stay arises if the Fifth Circuit reverses this Court's grant of summary judgment in favor of Classic. Counsel for AIC previously advised Judge Parker "that there are factual issues material to both the coverage litigation and the underlying litigation that, if explored for the first time as part of the coverage litigation, may adversely affect Classic, AIC's insured . . . ." (*See* August 22, 2011 Letter [76-2].) AIC's initial concerns could come to pass if a stay is not entered and the Fifth Circuit reverses the dismissal of the underlying liability claims. In that instance, the coverage action would almost certainly be tried first since discovery has proceeded on the insurance issues in conjunction with discovery on the liability issues. Entering a stay on the insurance claims at this time would ensure that the liability claims are resolved first and negate AIC's initial concerns regarding prejudice to its insured. This result would also be consistent with the Court's prior ruling that the trial on liability is to occur before the trial on insurance coverage. (*See* Order [77].)

AIC has not identified any burdens associated with a stay of proceedings on the insurance claims. Instead, AIC contends that Classic will not suffer any prejudice if the insurance dispute is allowed to go forward. (*See* AIC's Reply [180] at ¶¶ 4-8.) AIC's present position ignores the possibility of the Fifth Circuit reversing this Court's grant of summary judgment and remanding Martha Pace's crossclaims for trial. As noted

above, the insurance coverage claims would likely be tried first in that event. AIC, in conjunction with Classic, previously requested that Martha Pace's crossclaims be tried before the insurance coverage issues. (*See* Classic's Motion to Stay Discovery and Claims of AIC for Declaratory Relief [63]; AIC's Joinder [64].) AIC's change of position is not well taken. The Court finds that the benefits of a stay of the insurance claims outweigh any potential prejudice to AIC. Thus, a stay of proceedings should be entered pursuant to the Court's inherent power to control and manage the course of litigation on its docket.

Although not yet applicable, a stay of proceedings is also warranted under the four-factor test for granting a stay of an order pending appeal referenced in *In re First South Savings Ass'n*, 820 F.2d 700 (5th Cir. 1987).[2] The four factors are as follows:

> (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

*In re First S. Savings Ass'n*, 820 F.2d at 709 (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982)). Classic, the party requesting a stay, is likely to succeed on the merits of Pace's expected appeal for the same reasons the Court granted Classic summary judgment. (*See* Memorandum Opinion and Order [175] at pp. 34-43.) Although the Court does not perceive any "irreparable injury" to Classic if its stay request is denied,

---

[2] Martha Pace's expected appeal has yet to be filed. Further, some courts have found that the four-factor test generally applies to determine whether a stay of a judgment or order is appropriate, as opposed to a stay of proceedings. *See Cardenas v. Americredit Fin. Servs. Inc.*, No. C 09-04978, 2011 WL 846070, at *2 (N.D. Cal. Mar. 8, 2011) (citing cases). Classic has not requested that the Court's Judgment [183] dismissing Martha Pace's crossclaims be stayed.

no party has alleged that it will be substantially harmed or prejudiced by a stay. Therefore, the second and third factors basically cancel each other out and are thus neutral. Finally, the public interest favors a stay of proceedings in light of the possibility that appellate resolution of the underlying liability claims will moot the necessity of litigating some or all of the insurance coverage issues. "[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) (finding the public interest served by a partial stay where an appeal could dispose of the remaining issues in the district court). The balance of the above-listed factors weighs in favor of a stay of proceedings.

IT IS THEREFORE ORDERED AND ADJUDGED that proceedings on the insurance coverage claims at issue in this action, including Classic's third-party claims against Wilks, are stayed pending final resolution of Martha Pace's crossclaims against Classic. The stay will be lifted in the event Martha Pace fails to appeal the Court's Judgment [183] within the applicable period of time for filing an appeal, or if an appeal from the Judgment results in the affirmance of the Court's dismissal of Pace's crossclaims.

SO ORDERED AND ADJUDGED this the 15th day of October, 2012.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE